UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERZON E. ESTRADA, an individual,<br>      Plaintiff,<br><br>      v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and OREMORE OF RIVERSIDE RC LLC., a business entity; DOES 1-10, inclusive,<br>      Defendants. | 2:25-cv-09029-DSF-AJR<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 15) |

      Defendants General Motors LLC (GM) and Oremore of Riverside RC LLC removed this lemon law case on the basis of federal question jurisdiction under the Magnuson-Moss Warranty Act.  Dkt. 1 (NOR).  Plaintiff Emerzon E. Estrada moves to remand.  Dkt. 15 (Mot.).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Estrada's motion is DENIED.

## I. Legal Standard

      "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction";

"[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

A.      Timeliness of the Notice of Removal

Generally, a defendant must file a notice of removal within 30 days of receiving the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Section 1446(b)(3) provides an exception: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "[A]ny document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010).

As a result, the "thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." Rea v. Michaels Stores Inc., 742 F.3d 1234, 1237-38 (9th Cir. 2014) (per curiam) (alteration in original) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 691-92 (9th Cir. 2005)). But "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." Id.

For the "initial pleading" under § 1446(b)(1), "notice of removability" is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Bankers Life, 425 F.3d at 694. For "an amended pleading, motion, order or other paper" under § 1446(b)(3), such paper must "make[] a ground for removal 'unequivocally clear and certain.'" Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021).

2

### B. Facial and Factual Challenges to Removal

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

The "plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted) (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" Id. (quoting Leite, 749 F.3d at 1121).

"A factual attack, by contrast, 'contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings.'" Id. (quoting Leite, 749 F.3d at 1121). "When a factual attack is mounted, the responding party 'must support her jurisdictional allegations with "competent proof" . . . under the same evidentiary standard that governs in the summary judgment context.'" Id. (alteration in original) (quoting Leite, 749 F.3d at 1121).

## II. Discussion

### A. Timeliness of the Notice of Removal

Estrada argues that Defendants' notice of removal was untimely because: (1) he explicitly alleged a federal Magnuson-Moss Warranty Act (MMWA) cause of action in his complaint, forming the basis for federal question jurisdiction, Mot. at 5-6; (2) the amount in controversy

3

was ascertainable on the face of his complaint, id., at 6-9; and (3) Estrada's production of "the Subject Vehicle's Sales Agreement" on July 28, 2025 removed "any remaining doubt as to the amount in controversy," id. at 9.[1]

### 1.     Initial Pleading Under § 1446(b)(1)

While the MMWA does provide a federal cause of action, the "statute precludes federal jurisdiction . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" Shoner v. Carrier Corp. 30 F.4th 1144, 1147 (9th Cir. 2022) (quoting 15 U.S.C. § 2310(d)(3)). Consequently, merely alleging a claim under the MMWA is not enough to establish subject matter jurisdiction; the "initial pleading" must also "reveal[] on its face" the $50,000 amount-in-controversy jurisdictional requirement. See Rea, 742 F.3d at 1237-38 (quoting Bankers Life, 425 F.3d at 691-92).

Estrada concedes that his "state court complaint does not allege a specific dollar amount in controversy." Mot. at 7. Instead, Estrada argues that his allegations regarding the "make, model, year, and VIN" of the vehicle underlying his claims, GM's "understanding or ability to ascertain an approximation of the Subject Vehicle's market value," and Oremore's possession of "a copy of the sales agreement" provided Defendants with enough information to ascertain the amount in controversy. Id. at 7-8. Sources of information extrinsic to the "four corners" of the complaint, however, do not provide "notice of removability." Bankers Life, 425 F.3d at 694. And GM and Oremore

---

[1] Estrada states that he produced to Defendants' "**a copy of the Subject Vehicles [sic] Sales Agreement and all repair orders in [sic] December 2, 2024**." Mot. at 1. Estrada, however, does not argue that this production constituted an "other paper" under § 1446(b)(3) that provided grounds for removal. In any event, "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." Carvalho, 629 F.3d at 886.

4

were not required to make use of their "subjective knowledge" or "make further inquiry." Id.[2]

Estrada also argues that Defendants had notice of the amount in controversy because his complaint's "accompanying Civil Case Cover Sheet[] expressly indicated that the claim was being brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00)," meaning that his "actual damages are at a minimum $35,000.00" before civil penalties and attorneys' fees. Mot. at 8 & n.1.

First, the Civil Case Cover Sheet is not an "initial pleading" under § 1446(b)(1). Cf. Carvalho, 629 F.3d at 885 (distinguishing the civil cover sheet from the "initial pleading" under § 1446(b)(1), and assuming without deciding that it was an "other paper" under § 1446(b)(3)). And even if the Civil Case Cover Sheet constitutes an "other paper" under § 1446(b)(3), contrary to Estrada's representation, the cover sheet merely states that the "[a]mount demanded exceeds $35,000," not that the amount in controversy exceeds $50,000. Dkt. 24-1 at 4 (Civil Case Cover Sheet). Information in the cover sheet does not make the amount in controversy "unequivocally clear and certain." Dietrich, 14 F.4th at 1091; cf. Carvalho, 629 F.3d at 886 (concluding that the civil cover sheet was insufficient to allow the defendant to calculate the amount in controversy).

Because Estrada's initial pleading did not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction," it did not trigger the 30-day time period for removal under 28 U.S.C. § 1446(b)(1). Rea, 742 F.3d at 1237-38 (quoting Bankers Life, 425 F.3d at 691-92).

---

[2] Estrada argues that because Defendants' notice of removal was "simply required to provide a plausible allegation" of removability, the information within Defendants' possession was sufficient for Defendants "to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold." Mot. at 7-8. But that confuses the standard for pleading a notice of removal with the statutory requirements for timeliness of removal.

### 2. "Other Paper" Under § 1446(b)(3)

Estrada argues that "the Subject Vehicle's Sales Agreement," which "identifies a total sales price of $129,028.00" and which he produced on July 28, 2025, as part of his "initial disclosures," resolved "any remaining doubt as to the amount in controversy." Mot. at 9; Dkt. 21 (Reply) at 1-2 ("Once Plaintiffs [sic] produced the Sales Agreement and repair orders on July 28, 2025, . . . the removability of the case was no longer ambiguous."). Estrada also notes that he "produced to Defendant [sic] the subject vehicle's complete financial history including payment history and outstanding loan balance" on July 31, 2025. Mot. at 2; accord Reply at 2.

Because the sales agreement, repair orders, and payment history documents are neither "initial pleading[s]" under § 1446(b)(1) nor "amended pleading[s], motion[s], [or] order[s]" under § 1446(b)(3), Estrada appears to be arguing that these initial disclosures are "other paper[s] from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Estrada concedes, however, that Defendants removed this case on "September 22, 2025, **26 days** after receiving Plaintiff's statutory disclosures." Reply at 2. Notwithstanding Estrada's apparent argument to the contrary, 26 days is "within 30 days after receipt by the defendant" of Estrada's initial disclosures. 28 U.S.C. § 1446(b)(3). Given that Defendants removed this case within 30 days of these initial disclosures, the Court need not decide whether they made the amount in controversy "unequivocally clear and certain." Dietrich, 14 F.4th at 1091.

Because the initial pleading did not trigger the 30-day window under § 1446(b)(1), and Defendants removed the case within 30 days of receiving an "other paper" under § 1446(b)(3), the Court finds that Defendants' notice of removal was timely.

6

B.   **Subject-Matter Jurisdiction**

Estrada attacks Defendants' calculation of actual damages for the amount in controversy, but his challenges are merely facial. Estrada argues that Defendants did not produce "any evidence" to support their amount in controversy, Mot. at 10, and that therefore such an amount is "fatally speculative," Reply at 2. On such facial challenges, Defendants need not "support jurisdictional allegations with proof." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016); cf. Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1069 (9th Cir. 2021) ("[T]he district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction."). And, with respect to facial challenges, the Court accepts Defendants' jurisdictional allegations as true. Salter, 974 F.3d at 964.

As discussed above, the amount in controversy for federal question jurisdiction under the MMWA is $50,000. 15 U.S.C. § 2310(d)(3). Estrada, in his Second Amended Complaint (SAC), seeks "remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713." Dkt. 1-1 (SAC) at 10 (Prayer). Defendants apply the formula under section 2713, Dkt. 20 (Opp'n) at 14, namely: "the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages . . . but less expenses saved in consequence of the seller's breach." Cal. Com. Code § 2713(1). Estrada does not contest Defendants' application of section 2713.

Applying section 2713, Defendants subtracted the contract price of Plaintiff's vehicle—$129,028.00—by their "reasonable estimate of the fair market value for the vehicle with [its] mileage"—$63,656—to reach a figure of $65,372.00. Opp'n at 14. This figure alone exceeds the $50,000 amount in controversy required by the MMWA.[3] The Court

---

[3] Because the measure of damages that Defendants calculated under California Commercial Code section 2713 exceeds the $50,000 amount in controversy under the MMWA, the Court need not address the parties' arguments concerning civil penalties and attorneys' fees.

7

therefore finds that Defendants plausibly allege an amount in controversy exceeding $50,000 under the MMWA, satisfying federal question jurisdiction under § 1331.

Estrada's other causes of action concern the same subject vehicle as, and share "a common nucleus of operative fact" with, his MMWA claim.  <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966). The Court therefore finds that Estrada's state law claims "form part of the same case or controversy" as his MMWA claim and exercises supplemental jurisdiction over them.  28 U.S.C. § 1367(a).

### III. Conclusion

For the forgoing reasons, Estrada's motion to remand is DENIED.

IT IS SO ORDERED.

Date: December 15, 2025

_____
Dale S. Fischer
United States District Judge